UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOD A. GORDON, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-14-2396 |
| LT. FLOWERS, et al., | : (Judge Kosik) |
| Defendants | : |

FILED
SCRANTON

JAN 0 5 2015

PER _____
DEPUTY CLERK

**MEMORANDUM**

Tod A. Gordon, an inmate currently confined at the State Correctional Institution at Waymart, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 17, 2014. Along with the complaint, he has submitted an application to proceed in forma pauperis in this matter.[1] The complaint alleges incidents that occurred at Plaintiff's former place of incarceration, the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), Pennsylvania. The complaint is currently before the court for obligatory preliminary screening pursuant to 28 U.S.C. § 1915. For the reasons that follow, the complaint will be dismissed in

---

[1] Plaintiff's motion to proceed in forma pauperis will be construed to be a motion to proceed without full prepayment of the filing fee, and will be granted. Along with the in forma pauperis motion, he also submitted an Authorization form (Doc. 3.) On December 18, 2014, the Clerk of Court issued an Administrative Order (Doc. 4) directing the warden at Plaintiff's current place of confinement to begin deducting the filing fee from his inmate account.

its entirety with prejudice.

## I. Background

Named as Defendants in this action are the Pennsylvania Department of Corrections, SCI-Camp Hill, and the following SCI-Camp Hill employees: Lieutenant Flowers, Sergeant Swift and Officer Smith. Plaintiff alleges that on or about the dates of November 9, 2010 through November 23, 2010, he was placed in the Restricted Housing Unit at SCI-Camp Hill for no reason. (Doc. 1, Compl. at 2.) He claims that he informed the doctor upon his arrival at SCI-Camp Hill of his allergy to onions. However, while confined in the RHU, he was fed food that contained onions by Defendants Swift and Flowers. He began to experience a reaction to the food in the form of a rash. He claims that his calls for help went unanswered until neighboring inmates summoned for assistance. At that time, Defendants Swift and Flowers, as well as a nurse, arrived at his cell. Plaintiff explained his allergy and showed them the rash he was developing. He was provided with medication right away by the nurse. According to Plaintiff, when Defendants Flowers and Swift had delivered the meal to him, he had advised them of his allergy and inquired as to whether the meal contained onions. Flowers responded "I guess we'll find out then, won't we?"

Plaintiff informed the nurse of Flowers' statement. After the nurse provided him with the medication and left his cell, Defendant Swift returned and told Plaintiff that if he ever threw Defendant Flowers under the bus again he would "pound

Plaintiff's head off the floor." (Id. at 5.) The foregoing events all occurred on November 9, 2010.

The following morning, Defendant Flowers and Officer Smith were passing out breakfast and verbally harassed Plaintiff about his onion allergy and laughed at him. (Id.) On the remaining days that Plaintiff was in the RHU during the time period from November 9-23, 2010, he claims that when Defendants Flowers and Swift worked, he would receive no breakfast or lunch trays. Based on the foregoing, Plaintiff seeks compensatory and injunctive relief.

## II. Standard of Review

This court has a statutory obligation to conduct a preliminary review of pro se complaints brought by persons who seek leave to proceed in forma pauperis. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915(e), which provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that- (A) the allegation of poverty is untrue; or (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). In performing this mandatory screening function with respect to whether the complaint fails to state a claim, a district court utilizes the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in <u>Phillips</u> [v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459

4

U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). As the Supreme Court held in Twombly, in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007).

Additionally, a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A pro se complaint,

"however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

### III. Discussion

Plaintiff's complaint clearly fails to state a claim against Defendants within the period of the statute of limitations upon which relief can be granted. In this regard, when conducting a screening review of a pro se complaint under 28 U.S.C. § 1915, a court may sua sponte consider whether the complaint is barred under the applicable statute of limitations. As the United States Court of Appeals for the Third Circuit recently explained when it affirmed the screening dismissal of a pro se complaint on statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 F. App'x 563, 564-65 (3d Cir. 2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, district courts may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006)(citation omitted)(finding that a district court's screening authority under

§ 1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that statute of limitations defense should not be raised and considered sua sponte.").

Smith v. Delaware County Court, 260 F. App'x 454, 455 (3d Cir. 2008); see also Jackson v. Fernandez, No. 08-5694, 2009 WL 2233559 (D.N.J. Jan. 26, 2009); Hurst v. City of Dover, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

In screening a complaint pursuant to 28 U.S.C. § 1915, this court has dismissed sua sponte, an action where it was clear that the claim was not timely filed. Wilson v. Kerestes, No. 12-884, 2012 WL 3626706, at *8 (M.D. Pa. June 12, 2012); see also Holiness v. Weasel, No. 1:13-CV-1491, 2013 WL 5675511 (M.D. Pa. Oct. 17, 2013); Sapp v. Dauphin County Juvenile Probation, No. 1:14-CV-1105, 2014 WL 6982655 (M.D. Pa. Dec. 10, 2014). As later again stated by the Third Circuit Court of Appeals:

> Failure to exhaust and the statute of limitations are similar "in the abstract": they are both affirmative defenses. But, a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint. We see no reason why a district court, when screening a complaint pursuant to the PLRA, may not sua sponte dismiss a suit whose allegations make clear that the action is not timely. Indeed, other Courts of Appeals have recognized that dismissal under these circumstances is appropriate. [...] We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

McPherson v. United States, 392 F. App'x 938, 943 (3d Cir. 2010).

Here, on its face, Plaintiff's complaint alleges conditions that took place from

7

November 9, 2010 through November 23, 2010, at SCI-Camp Hill. The incidents of which he complains occurred over four (4) years prior to the time he filed the instant action. As such, the two-year statute of limitations compels dismissal of this action as untimely.[2] No leave to amend will be granted in that such would be futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). An appropriate order follows.

---

[2] The continuing violations doctrine is an "equitable exception to the timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995). Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991). However, Plaintiff cannot save his time-barred claims by resort to the continuing violation theory since he alleges that the incidents occurred during the time period from November 9-23, 2010. Moreover, he was transferred from SCI-Camp Hill to SCI-Waymart in February of 2011.